UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD R. QUINT,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:17cv1244 (VLAB) |
| COMMISSIONER SEMPLE, ET AL.,<br>    Defendants. | :<br>:<br>: |

## INITIAL REVIEW ORDER

Plaintiff Richard R. Quint is incarcerated at the MacDougall Correctional Institution in Suffield, Connecticut. He has filed a complaint under 42 U.S.C. § 1983 against Commissioner Semple, Warden Mulligan, Deputy Warden Hines, Captain Rivera, Counselor Supervisors Weldon and Calderon, Dr. Coleman, Lieutenant John Doe and Correctional Officers John Doe. For the reasons set forth below, the complaint is dismissed with leave to amend.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

1

plausible on its face. A claim has facial plausibility when Plaintiff pleads factual content that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

Plaintiff claims that prison officials at MacDougall placed him in a cell with an inmate who smelled strongly of Bengay. When Plaintiff asked to be moved to another cell, officers moved him to the restrictive housing unit. While in the restrictive housing unit, Plaintiff suffered a nervous breakdown.

Plaintiff tried to hang himself. When Lieutenant John Doe arrived, he sprayed Plaintiff in the face with mace. After officers gained control over Plaintiff, they put him in the shower for several minutes to rinse his face, but this only further activated the residue of mace that was left on his face.

Officers then escorted Plaintiff to a cell in the medical unit for observation. During his confinement in the medical unit cell, officials removed Plaintiff's shoes and forced him to wear a gown and eat meals with his hands. At some point, Plaintiff stopped eating for thirteen days. When Commissioner Semple became

2

aware of the potential dangers to Plaintiff's health due to plaintiff's refusal to eat or drink, he sought an order in state court to force feed Plaintiff.

Before officers transferred Plaintiff to a cell in the restrictive housing unit, Plaintiff suffered a cut to his head when he hit his head on a cell door. After he arrived in the restrictive housing unit, officers sprayed him with mace.

Officers then escorted Plaintiff back to the medical unit, placed him on a bed in a cell and applied restraints to his ankles and wrists. Hours later, officials downgraded Plaintiff to in-cell restraints. Officers applied restraints to Plaintiff's ankles and wrists too tightly. Plaintiff was unable to fully stand up because the tether chain around his waist was so short. He remained in restraints for over eighteen hours. The restraints caused Plaintiff's right ankle to become swollen and painful. At some point, Lieutenant John Doe loosened the restraints.

I.  **Official Capacity Claims**

Plaintiff seeks seeks monetary damages and declaratory and injunctive relief. To the extent that he seeks monetary damages from Defendants in their official capacities, those claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). All claims for monetary damages against Defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## II. Commissioner Semple and Lieutenant John Doe

Plaintiff claims that he refused to eat for thirteen days. In response to this behavior and the potential impact of this behavior on Plaintiff's health, Commissioner Semple filed an action in state court seeking a court order to force-feed Plaintiff.

The allegations suggest that Commissioner Semple sought the court order regarding feeding Plaintiff because Plaintiff's health was in jeopardy. In the state court action, *Semple v. Quint*, HHD-CV17-6079477-S, the judge granted the application for an immediate ex parte temporary injunction to prevent Quint from interfering with medical treatment including intravenous fluids and/or nourishment, nasal-gastric feeding and any other health care measures necessary to preserve Quint's life or prevent physical harm to him. *See* Appl. Ex Parte Rest. Order, Entry No. 101.00 (June 14, 2017) & Order on Appl. Ex Parte Temp. Rest. Order, Entry No. 102.00 (June 14, 2017).[1]

The court concludes that the facts as alleged do not state a plausible claim that Commissioner Semple was deliberately indifferent to Plaintiff's health or safety. *See In re: Grand Jury Subpoena John Doe v. United States,* 150 F.3d 170, 172 (2d Cir.1998) (upholding district court's order to force-feed a civil contemnor who had engaged in a hunger strike for political and religious reasons); *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (federal prisoner's allegation of force-feeding by prison authorities did not state constitutional claim when attachments

---

[1] The court docket and documents filed in this civil case may be found at http://www.jud.ct.gov/jud2/htm under Civil/Family/Housing Case Look-up, using

to pleadings reflected a medical determination that force-feeding was necessary to the inmate's health, and that regulations authorized the force-feeding of hunger-striking inmates); *In re Soliman*, 134 F. Supp. 2d 1238, 1254 (N.D. Ala. 2001) (finding that force-feeding a hunger-striking inmate did not violate inmate's First Amendment rights); *In re Sanchez,* 577 F. Supp. 7, 8 (S.D.N.Y. 1983) (district court upheld force-feeding a civil contemnor engaged in a hunger strike to protest his continued imprisonment and that of other civil contemnors). Thus, the claim against defendant Semple is dismissed as lacking an arguable legal or factual basis. *See* 28 U.S.C. § 1915A(b)(1).

Plaintiff alleges that Lieutenant John Doe sprayed him in the face as he was attempting to hang himself and that corrections officers did not get control of him at a later point in time. This allegation does not state plausible claims of deliberate indifference to health or safety and the use of excessive force against Lieutenant Doe. *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (prison officials' duty to provide adequate conditions of confinement includes duty to take "reasonable measures to guarantee the safety of inmates"); *Hudson v. McMillan*, 503 U.S. 1, 7-8 (1992) (finding that to state claim of excessive force an inmate must allege that "force was applied . . . maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline") (citation omitted); *Tracy v. Freshwater*, 623 F.3d 90, 98 (2d Cir. 2010) (concluding that "a reasonable juror could find that the use of pepper spray deployed mere inches away from the face of a defendant already in handcuffs and offering no

---

Docket Number HHD-CV17-6079477-S (Last visited August 4, 2017).

further active resistance constituted an unreasonable use of force"); *Al-Bukhari v. Semple*, No. 16-CV-1428, 2017 WL 2125746, at *4 (D. Conn. May. 16, 2017) (finding that a prisoner stated an Eighth Amendment excessive force claim because he alleged that the officers, *inter alia*, "sprayed him with a harmful chemical agent, even though [he] had not been resisting their efforts to escort him out of the cell"). Unlike the inmates in *Tracy* and *Al-Bukhari*, Plaintiff was not compliant. Here, Plaintiff admits that he was attempting to harm himself and that corrections officers were unable to control him. Thus, he admits that a degree of restraint was necessary to control him and prevent him from harming himself. The claims against Lieutenant John Doe are DISMISSED.

III. <u>Remaining Defendants</u>

There are no allegations in the body of the complaint with regard to Warden Mulligan, Deputy Warden Hines, Captain Rivera, Counselor Supervisors Weldon and Calderon, Dr. Coleman or the John Doe Correctional Officers. Thus, Plaintiff has not alleged that any of these defendant violated his federally or constitutionally protected rights. The claims against Warden Mulligan, Deputy Warden Hines, Captain Rivera, Counselor Supervisors Weldon and Calderon, Dr. Coleman and the John Doe Correctional Officers are dismissed as lacking an arguable factual or legal basis. *See* 28 U.S.C. § 1915A(b)(1).

IV. <u>Conclusion</u>

Accordingly, this case is DISMISSED and the Clerk is directed to close this case.

**SO ORDERED at Hartford, Connecticut this 9th day of August, 2017.**

　　　　　　　　　　　**/s/**
　　　　　　**Vanessa L. Bryant**
　　　　　　**United States District Judge**